UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                         Case No. 03-CR-217

JOHNNY L. STOKES,

        Defendant.

ORDER DENYING THE DEFENDANT'S MOTION FOR RETURN OF PROPERTY (DOC. # 166)

Pending before the court is the defendant's pro se Motion for Return of Property (Doc. 166) and an affidavit filed by the defendant in support of the motion. The government filed a response, (Doc. # 173) and the defendant filed a reply (Doc. # 176). For the reasons explained herein, the motion will be denied.

## Procedural History

### A.     The Indictment

On October 7, 2003, a grand jury sitting in this district returned a five-count indictment against the defendant and five others. (Doc. # 34.) Count one charged that the defendant knowingly and intentionally conspired with others to distribute a controlled substance and possession with intent to distribute a controlled substance. (*Id.* at 1-2.) The offense involved five kilograms or more of a mixture and substance containing cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2. (*Id.*

at 2.) The remaining counts alleged that the defendant and others did knowingly and intentionally posses with the intent to distribute a controlled substance. (*Id.* at 2-6.)

The offense in count two involved five kilograms or more of a mixture and substance containing cocaine and approximately ten kilograms of a mixture and substance containing cocaine. (*Id.* at 3.) Count three's offense involved five kilograms or more of a mixture and substance containing cocaine and approximately forty-two kilograms of a mixture and substance containing cocaine. (*Id.* at 4.) The offense in count four involved five kilograms or more of a mixture and substance containing cocaine base in the form of crack cocaine and approximately fourteen kilograms of a mixture and substance containing cocaine base in the form of crack. (*Id.* at 5.) Lastly, the offense in count five involved five kilograms or more of a mixture and substance containing cocaine base in the form of crack cocaine and approximately twenty-eight grams of a mixture and substance containing cocaine based in the form of crack. (*Id.* at 6.)

**B. The Indictment's Forfeiture Notice**

A Forfeiture Notice in the indictment advised that because of the defendant's involvement in counts one or two, he

> shall forfeit to the United States pursuant to 21 U.S.C. § 853(a), all right, title and interest in any and all property, real and personal, constituting, or derived from any proceeds obtained directly or indirectly, as the result of such offenses, and any all property real and personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the aforesaid offenses, with all such interests, wherever located, and in whatever name held, including but not limited to the following:
>
> a.   A white 1997 Buick LaSabre bearing VIN # 1G4HR52KIVH509703.

b. $7,000.00 in United States currency seized on September 29, 2003 at 3220 North 12 Street, Milwaukee, Wisconsin.

c. An $8,000.00 cashiers check drawn on U.S. Bank payable to Eddie Thompson, with a remittor of Johnny L. Stokes/J.S. Enterprises dated September 19, 2003.

d. An $8,000.00 cashiers check drawn on U.S. Bank payable to Jamar Walker with a remittor of Hazel Blackmon dated September 19, 2003.

e. Property located at 3542 North 23rd Street, Milwaukee, Wisconsin owned by Johnny L. Stokes.

f. Property located at 3218/3220 North 12 Street, Milwaukee, Wisconsin owned by Johnny Stokes.

g. $782 in U.S. currency seized from Raul Guerrero on September 29, 2003.

h. A personal money judgment against each defendant in the amount of one million dollars, two hundred twenty two thousand dollars ($1,222,000.00), representing the unseized proceeds of the conspiracy charged in Count 1, and unseized funds used to facilitate the conspiracy charged in Count 1.

(*Id.* at 7-8.)

### C. The Plea Agreement

On February 10, 2004, the defendant entered a plea of guilty to count two of the indictment pursuant to a plea agreement (Doc. # 107). A forfeiture provision in the agreement states that:

> [t]he defendant agrees that all properties listed in the indictment constitute the proceeds of the offense to which he is pleading guilty, or were used to facilitate such offense. The defendant agrees to the forfeiture of these properties and to the immediate entry of a preliminary order of forfeiture.

3

> The defendant agrees that any interest he holds in each
> of the listed properties is hereby forfeited. The parties
> acknowledge and understand that the government reserves
> the right to proceed against assets not identified in this
> agreement. The defendant also agrees to the entry of a
> money judgment order in the amount of $1.2 million against
> himself jointly and severally with all other defendant, as
> provided in the Notice of Forfeiture set forth in the Indictment.

(Doc. # 101 at 11.) Consequently, on April 20, 2004, the government filed a Motion for Entry of Preliminary Order of Forfeiture (preliminary motion). (Doc. # 125.)

### D. The Government's Motion for Entry of Preliminary Order of Forfeiture

Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, the defendant's guilty plea to count two of the indictment and the defendant's agreement to forfeit his interest in the properties outlined in the indictment's forfeiture notice, the government asked the court for an order forfeiting, to the United States, the defendant's right, title and interest in the property described in the indictment's forfeiture provision. (*Id.*) Additionally, the government moved for an order dismissing of its claims against the following items:

> (b) $7,000.00 in United States currency seized on September 29, 2003, at 3220 North 12 Street, Milwaukee, Wisconsin; item
>
> (c) an $8,000.00 cashiers check drawn on U.S. Bank payable to Eddie Thompson, with a remittor of Johnny L. Stokes/J.S. Enterprise dated September 19, 2003; and item
>
> (e) real property located at 3542 North 23rd Street, Milwaukee, Wisconsin, owned by Johnny L. Stokes.

(*Id.* at 1-2.) The government explained that on February 4, 2004, the Drug Enforcement

4

Administration administratively forfeited the cash and the eight thousand dollar cashiers check made payable to Eddie Thompson, with a remittor to the defendant. (*Id.* at 2.)

On May 13, 2004, the court entered a preliminary forfeiture order stating that pursuant to 21 U.S.C. § 853, the defendant forfeited to the United States any right, title and interest in the

> (1) A white 1997 Buick LaSabre bearing VIN # 1G4HR52KIVH509703;
>
> (2) An $8,000.00 cashiers check drawn on U.S. Bank payable to Jamar Walker with a remittor of Hazel Blackmon dated September 19, 2003;
>
> (3) Real property located at 3218/3220 North 12th Street, Milwaukee, Wisconsin owned by Johnny Stokes; and
>
> (4) $782.00 in United States currency seized from Raul Guerrero on September 29, 2003.

(Order of 05/13/05 at 1-2.) The court then dismissed the government's forfeiture claims against certain items delineated in the indictment. (*Id.* at 2.) Specifically, the

> (b) $7,000.00 in United States currency seized on September 29, 2003, at 3220 North 12 Street, Milwaukee, Wisconsin; item
>
> (c) an $8,000.00 cashiers check drawn on U.S. Bank payable to Eddie Thompson, with a remittor of Johnny L. Stokes/J.S. Enterprise dated September 19, 2003; and item
>
> (e) real property located at 3542 North 23rd Street, Milwaukee, Wisconsin, owned by Johnny L. Stokes.

(*Id.*)

### E. The Defendant's Sentencing Hearing

The court sentenced the defendant on June 16, 2004, to a term of incarceration for one hundred and forty-two months, followed by a five-year term of supervised release. (Doc. # 136.) The court informed the defendant of the additional conditions of his supervised release and ordered him to pay the special assessment fee of one hundred dollars. (*Id.*) The Clerk entered the judgment of conviction on June 29, 2004, and the defendant filed his notice of appeal on July 6, 2004. (Doc. # 137). The defendant's appeal of the judgment of conviction is pending before the United States Court of Appeals for the Seventh Circuit.

### F. The Government's Forfeiture Notices

On December 20, 2004, the government filed a Notice of Forfeiture. (Doc. # 148.) The notice advises all persons with a purported right, title or interest in certain property of this court's May 13, 2004, order condemning and forfeiting the defendant's interests in the following property[1]:

(1) A white 1997 Buick LaSabre bearing VIN # 1G4HR52KIVH509703;

(2) An $8,000.00 cashiers check drawn on U.S. Bank payable to Jamar Walker with a remittor of Hazel Blackmon dated September 19, 2003;

(3) Real property located at 3218/3220 North 12th Street, Milwaukee, Wisconsin owned by Johnny Stokes; and

(4) $782.00 in United States currency seized from Raul Guerrero on September 29, 2003.

---

[1] Pursuant to 21 U.S.C. § 853(n)(1) and Rule (C)(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the government published its forfeiture notice in the *Milwaukee Journal Sentinel* on December 26, 2004 and gave written notice to all parties who may have a claim or interest in the property. (Doc. # 156 at 1-2.)

6

(Doc. # 148.)

Thereafter on February 14, 2005, the government moved the court for an order and judgment (Doc. # 155-1) and filed an affidavit in support of the motion. (Doc. # 156.) Because Fred Wallace filed a petition asserting a claim in the 1997 Buick LeSabre, bearing VIN # 1G4HR52K1VH509703, the government's sought an order and judgment giving it clear title to the forfeitable items listed in the court's May 13, 2004, order except for the car. (Doc. # 155 at 1.) A final order and judgment was entered on February 15, 2005, giving the government clear title to:

>   (1)   An $8,000.00 cashiers check drawn on U.S. Bank payable to Jamar Walker with a remittor of Hazel Blackmon dated September 19, 2003;
>
>   (2)   Real property located at 3218/3220 North 12th Street, Milwaukee, Wisconsin owned by Johnny Stokes; and
>
>   (3)   $782.00 in United States currency seized from Raul Guerrero on September 29, 2003.

(Doc. # 158.)

The government moved the court for an order and judgment giving it clear title to the 1997 Buick LeSabre, on February 23, 2005. (Doc. # 159-1.) The affidavit filed in support of the motion explains that Fred Wallace withdrew his claim in the vehicle. (Doc. # 160-1 at 2.) Therefore, the court entered an order granting the government's motion. (Order of 02/24/05 at 1.)

### II. The Defendant's Motion for Return of Property

On March 14, 2005, the defendant filed the pending motion and an affidavit in support of the motion. Relying on Rule 41(g) of the Federal Rules of Criminal Procedure, he

7

claims that he is entitled to lawful possession of (1) the seven thousand dollars in United States currency seized on September 29, 2003, from 3220 North 12 Street, Milwaukee, Wisconsin; (2) the eight thousand dollars cashiers check and the real property located at 3218/3220 12th Street, Milwaukee, Wisconsin (12th Street).[2] (Motion at 2.)

### A. The Defendant's Motion

According to the defendant, he did not use money from drug sales or any other illegal business venture to purchase the real property located on 12th Street. (Motion at 3; Stokes Aff., ¶ 5.) His affidavit states that the seven thousand dollars in cash and the cashiers check for eight thousand dollars are not drug proceeds or money earned from any illegal activity. (Stokes Aff., ¶¶ 3-4.) The defendant submits that these monies represent earnings from thirty-three "years of hard work." (*Id.*) According to the defendant, the government "illegally confiscated" his "personal property "[and] failed to properly initiate the proper administrative procedures to legally forfeit" the same; however, he offers no support for his claim. (Motion at 3.) The defendant moves the court for an order directing the government to deposit fifteen thousand dollars in his prison account and an order annulling as void the government's interest in the real property on 12th Street. (*Id.*)

### B. The Government's Response

The government begins by arguing that 18 U.S.C. § 983(e) governs the present motion because the defendant is asking the court to set aside an administrative forfeiture. (Response at 5.) Next, the government notes that it will not take any action against the real

---

[2] Contrary to the defendant's assertion, the court's May 13, 2004 order only dismissed the government's forfeiture claim with respect to the real property located at 3542 North 23rd Street, Milwaukee Wisconsin. (Order of 05/13/04.)

8

property located on 12th Street. (*Id.*) Relying on 18 U.S.C. § 983(e), the government contends that the defendant received notice of its intent to forfeit the cash and the cashiers check and highlights that the defendant never asserts that the government did not provide him such notice. (*Id at 6.*)

Moreover, the government offers that before the May 13, 2004, order, the defendant's plea agreement advised him that the government would forfeit all the assets delineated in the indictment. (*Id.*) Inasmuch as the defendant appeared at the change of plea hearing with counsel and stated, under oath, that he reviewed the plea agreement with his attorney, understood it, and did not have any questions regarding the plea agreement, the government proffers that the defendant cannot now claim that he did not understand the forfeiture provision in the plea agreement. (*Id.*)

### C. The Defendant's Reply

The defendant's reply brief suggests the government failed to provide him with the notice in accordance with, 18 U.S.C. § 983. Hence he concludes that the government must return to him the cash and the cashiers check. (*Id.*)

Lastly, relying on the court's May 13, 2004 order, which the defendant claims dismissed the "forfeiture count" of the indictment, the defendant postures that "he cannot be penalized for a change in an indictment that was dismissed." (*Id.* at 3.)

### III. Discussion

The defendant filed his motion pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. (Motion at 1.) This rule governs motions to return property and states that

9

> [a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must received evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).[3] However, reliance on the rule is misplaced. To argue that the government, specifically the DEA, seized the cashiers check and the cash through an unlawful search means that the defendant is asserting a Fourth Amendment challenge. But because the defendant entered a guilty plea, he cannot now argue that the government violated his constitutional right.

Generally, a guilty plea "foreclose[s] direct inquiry into the merits of claimed antecedent constitutional violations." *Tollett v. Henderson*, 411 U.S. 258, 266 (1973). A defendant may enter a guilty plea for a variety of reasons. For instance, he may wish to surrender and accept punishment, his fear of what might happen may jar an admission of guilty, or he may view the evidence and determine that a trial is not worth the agony or expense. *Id.* at 263. Similarly, the defendant may plea based on a favorable agreement with the prosecution or the hope of a lesser sentence. *Haring v. Prosise*, 462 U.S. 306, 319 (1983). As a result, prior constitutional violations are irrelevant to the constitutional validity of the conviction. *See id.* at 321.

In other words, the guilty plea is a "break in the chain of events which has

---

[3] The provisions of this rule previously appeared in Rule 41(e).

10

preceded it in the criminal process." *Tollett*, 411 U.S. at 267. Thereafter, the issue is not the merits of any claim of an antecedent constitutional violation, but rather whether the guilty plea was made intelligently and voluntarily. *Id.* at 265.

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards [of effective counsel].

*Id.*

The guilty plea bar recognized by the Supreme Court applies to all antecedent constitutional claims except those challenging the very jurisdiction of the court to bring a defendant before it. *Haring*, 462 U.S. at 320.[4] Here, because the petitioner pled guilty to the second count of the indictment and he does not attack the voluntary and intelligent character of his guilty plea by showing that the advice he received

---

[4] One other exception to the guilty plea bar exists when a state permits a criminal defendant to appeal from an adverse ruling in a pretrial matter although the conviction was based on a guilty plea. When a state allows a criminal defendant to plead guilty without forfeiting his right to judicial review of certain constitutional issues, the defendant may pursue those constitutional claims on federal habeas because there has not been a "break in the chain" regarding those issues. *Lefkowitz v. Newsome*, 420 U.S. 283, 293 (1975). In Wisconsin, denials of motions to suppress or to challenge the admissibility of statements may be reviewed on appeal even though the conviction was based on a guilty plea. Wis. Stat. § 971.31(10). Other than jurisdictional questions, this legislative carve-out is the only exception to the rule that a guilty plea is otherwise a bar to antecedent claims of unconstitutional conduct; the "'statute stops with the single exception it creates.'" *State v. Riekkoff*, 112 Wis. 2d 119, 126 (1983) (quoting *Foster v. State*, 70 Wis. 2d 12, 20 (1975)). Because this federal court convicted the defendant, this exception is not applicable.

11

from counsel was not within the standards of effective counsel, the court cannot consider his motion under Rule 41(g).

Moreover, in similar cases, the Seventh Circuit has affirmed the district court's construction of a post conviction motion seeking the return of property seized by the DEA that is forfeited administratively to the United States as a motion initiating a civil proceeding. *Chiarez v. United States*, 355 F.3d 1099, 1100 (7th Cir. 2004). In light of this approval and the Seventh Circuit's directive that district courts have limited jurisdiction over forfeitures of certain types of property, this court must determine first whether it has jurisdiction to consider the merits of the defendant's motion. *Linarez v. United States*, 2 F.3d 208, 211-12 (7th Cir. 1993).

Here, the government advises that the DEA administratively forfeited the cash and the cashiers check. (Response at 5.) Consequently, the effect of the DEA's proceeding is to divest this court of its jurisdiction over the forfeiture proceedings. *Linarez*, 2 F.3d at 211. According to the Seventh Circuit,

> [t]he district court remains without jurisdiction over the forfeiture *unless an interested party files a claim of interest and posts a bond with the agency* within twenty days from the date of the first publication of the notice of seizure pursuant to 19 U.S.C. § 1608 and 21 C.F.R. § 1316.76 (1992). *If the claim is not filed and the bond not posted the forfeiture process continues administratively, without judicial intervention*.

*Id.* at 211-12. Because the defendant failed to file a claim for the cash and the cashiers check before administrative forfeiture, this court cannot inquire into the propriety of the process. Chairez, 355 F.3d at 1101. Instead, the court's jurisdiction is limited to determining "whether the notice procedures complied with due process." *Id.*

12

Case 2:03-cr-00217-PP    Filed 05/19/05    Page 12 of 15    Document 179

The defendant argues that the government did not give him notice of its intent to forfeit the cash and the cashiers check. (Reply at 2.) But this argument is undercut by the indictment and the defendant's plea agreement. The expressed terms of the defendant's plea agreement, leave no doubt that the defendant admitted "that all properties listed in the indictment constitute the proceeds of the offense to which he is pleading guilty, or were used to facilitate such offense." (Doc. # 101 at 11.) The defendant consented "to the forfeiture of these properties and to the immediate entry of a preliminary order of forfeiture." (*Id.*) And he surrendered to the government "any interest" he held in all the items delineated in the indictment. (*Id.*) Next the plea agreement states that the defendant "freely and voluntarily" entered into the plea agreement and that his attorney reviewed "every part of this [plea] agreement with me. . . ." (*Id.* at 17.) Furthermore, at the defendant's change of plea hearing, the court asked the defendant do "you have any questions regarding any part of the plea agreement after you reviewed it independently and reviewed it with your lawyers?" (Doc. # 168 at 12.) In response, the defendant said "[n]o questions." (*Id.*) Thus, not only do the expressed terms of the indictment and the plea agreement provide notice to the defendant of the government's intention to administratively forfeit the cash and the cashiers check at issue here, the defendant's admissions waive his right to statutory notice.

Notwithstanding the defendant's waiver to notice, under 21 U.S.C. § 881 (a)(6), the defendant has no property right in the cash or the cashiers check. *See* 21 U.S.C. § 881(a)(6). The statute, which governs forfeitures, states that an individual cannot have a property right in any cash or negotiable instrument from the sale of a controlled substance. *See id.* Specifically 21 U.S.C. § 881(a)(6) provides that

13

> (a) Subject Property
> The following shall be subjected to forfeiture to the United States and *no property right shall exist in them*: . . .
> (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

18 U.S.C. § 881(a)(6) (2005) (emphasis added). As noted earlier, the defendant has admitted that the cash and the cashiers check "at issue constitute the proceeds of the offense to which he is pleading guilty, or were used to facilitate such offense[,]" and thus has no property right in either item. Hence, he lacks standing to challenge the government's forfeiture of the cash and the cashiers check.

Undoubtedly, the defendant's recent statements contradict his previous admissions. In the affidavit the defendant submits under penalty of perjury, he states that the cash and the cashiers check are not drug proceeds or money earned from illegal activity. (Stokes Aff., at 1-2.) Instead, the defendant postures that monies represent earnings from thirty-three "years of hard work." (*Id.*) Yet, he has failed to offer any evidence to support his recent assertions or to explain his admissions that the cash and cashiers check are proceeds from his offense of conviction. finally, the court notes that the go vernment declined to discuss why the May 13, 2004, dismissal order does not entitle the defendant to items that the DEA administratively forfeited. Regardless, appears the dismissal order made it clear that the forfeiture issues addressed by the indictment did not remain pending in this case. In other words, because the DEA administratively forfeited the items identified in the indictment, the government did not need to take any further action here.

14

Now, therefore,

IT IS ORDERED that the defendant's Motion for Return of Property (Doc. # 166) is denied.

Dated at Milwaukee, Wisconsin, this 18th day of May, 2005.

BY THE COURT

s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U. S. District Judge

15

Case 2:03-cr-00217-PP   Filed 05/19/05   Page 15 of 15   Document 179